JOSEPH SABATELLI, Respondent, *v.* AEMOS REALTY CORPORATION, Appellant.

First Department, March 18, 1953.

*Joseph Kane* of counsel (*Alexander Orr, Jr.,* with him on the brief; *Evans, Rees, Orr & Walsh,* attorneys), for appellant.

*Irving A. Thau* of counsel (*Jacob D. Fuchsberg* with him on the brief; *Philip Silberman,* attorney), for respondent.

*Per Curiam.* The accident in this case occurred on March 2, 1944. Plaintiff's complaint was served on June 28, 1944. It alleged that defendant maintained an opening on the sidewalk in front of its premises at 53 West 90th Street, New York City, leading into a chute connected with the cellar, and that the fall of the plaintiff was caused by the cover of said opening being improperly maintained. Plaintiff alleged that when he stepped on this cover, he slipped and fell. A bill of particulars, dated April 23, 1947, repeated the claim that the defendant's negligence consisted of improper maintenance of the cover to the opening on the sidewalk.

More than seven years after the accident and, we are advised, after the retention of trial counsel, under date of April 25, 1951, a " notice of clarification " of the particularization of the claim of negligence stated for the first time that the sidewalk cover involved was one marked with the word " water ", and that a certain screw part was loose and protruding above the sidewalk level, creating the hazard which resulted in plaintiff's injury. The only evidence of " notice " to the defendant of the alleged dangerous condition was the testimony of plaintiff's wife that she noticed the bolt sticking up above the pavement a month prior to the accident. She further testified, however, that she did not tell the lawyer, who was promptly retained, of this condition, and the first time she mentioned the matter to a lawyer was about two weeks prior to the trial, being eight years after the accident.

There were, in fact, two covers on the sidewalk. One more than a foot in diameter looked like a coal chute covering, but, in fact, it was the cover of a sewer manhole maintained by the City of New York. Some distance away was the second cover marked " water ", and only a few inches in diameter. This was the cover to a curb box leading to a shutoff valve of the water line connected with the sprinkler system, and not the cover of any chute or opening leading to the building.

The testimony produced by plaintiff upon the trial all referred to his falling over a protruding bolt in the cover of the curb box leading to the sprinkler valve. There was no attempt whatever to explain the change from the assertion in the complaint as to the site of the accident, nor how the complaint came to refer to the cover of the chute and the plaintiff's alleged slipping thereon.

Under the circumstances, and on the proof, we find that the plaintiff's verdict is contrary to the credible evidence. Furthermore, we think that certain portions of the court's charge as

to the duty of the defendant for the maintenance of the sidewalk were confusing, and that a reference to section 78 of the Multiple Dwelling Law was erroneous. Accordingly, we reverse the judgment appealed from and order a new trial, with costs to the appellant to abide the event.

PECK, P. J., CALLAHAN, BREITEL, FOSTER and BERGAN, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.