SIGMUND GOLDSTEIN, Respondent, *v.* FRANK LENTINO CONSTRUCTION CORP., Appellant, et al., Defendants.

First Department, June 25, 1959.

*Joseph Kane* of counsel (*Alexander Orr* with him on the brief; *McDevitt, Striker & Needham,* attorneys), for appellant.

*Robert Keegan, Jr.,* of counsel (*David A. Goldner,* attorney), for respondent.

*Per Curiam.* Plaintiff testified that in driving a panel truck easterly on Merrick Road in Lynbrook near Blossom Heath Avenue on October 11, 1954, he crossed a back-filled trench. Defendant Lentino is a contracting corporation which had been engaged in widening and improving Merrick Road and had dug and refilled the trench. In crossing the trench at 10 miles an hour plaintiff said that a jagged piece of concrete caused

his right front tire to blow out; that the steering wheel spun violently to the right; that he struggled to straighten the wheel and in the course of this felt a snap in his elbow.

He has recovered a verdict of $33,500 against the corporate defendant. We are of the opinion the verdict is against the weight of credible evidence and that there should be a new trial.

The back-filled trench in the road which plaintiff picked in his trial testimony as the site of accident, was east of Blossom Heath Avenue. In his examination before trial plaintiff testified unequivocally that the accident occurred west of Blossom Heath Avenue.

No trench is on that side, and in the examination before trial plaintiff did not refer to a trench, but testified that the truck tire was caused to blow out by loose pieces of stone or concrete from defendant's work on the surface of the street west of Blossom Heath Avenue.

The questions upon the examination before trial were so clearly and specifically directed to the place of accident and the answers of the plaintiff so unequivocal, that there seems no reasonable ground for misunderstanding; and, indeed, is consistent with the pretrial statement of counsel for plaintiff who told the Judge at the examination before trial that plaintiff contended that his truck " hit a rock or piece of concrete in the road " that " came from " some construction work made by defendant.

Nothing about all this would give the slightest indication that plaintiff contended the material in a trench and backfill in the street caused the accident. On the examination he was asked if he was " past Blossom Avenue " when the accident happened. He said " No ". The next question was whether he was going in an easterly direction. To this he answered: " That's correct. I was west of Blossom Heath Avenue."

On the trial he testified plainly he was east of that avenue. This amounts to a patent change of material sworn testimony; the motivation to change it is clear. The existence of loose debris on a street alone would not incur a liability on defendant; a trench filled with debris which might damage tires might create a liability; but the plans showed the trench on the east side of Blossom Heath Avenue and in fact there was no trench on the west side.

It seems strongly improbable that a loose piece of concrete would so puncture a tire on a truck going 10 miles an hour as to cause the steering wheel to whirl out of the driver's hand and injure him. Plaintiff testified that after he got out of the car he noticed a " jagged piece " of concrete that had pierced

and still stuck in the blown-out tire. It is undisputed that the truck tires were new. The tire that was said to be pierced by the concrete was later '' thrown away ''.

A physician at a hospital testified that plaintiff hold him he was injured when he changed a tire on the truck. The claim presented by plaintiff to the Workmen's Compensation Board stated that the left rather than the right tire blew out. Other matters in the record cast grave doubt on the general credibility of plaintiff.

Such cavalier treatment of an oath in judicial proceedings ought not be viewed casually and the testimony in support of this verdict ought not to have an easy-going acceptance.

In our view the verdict is strongly against the weight of the credible evidence and ought not stand. (*Cavadi* v. *New York City Tr. Auth.* 7 A D 2d 299; *Sabatelli* v. *Aemos Realty Corp.,* 281 App. Div. 334; *Bottalico* v. *City of New York,* 281 App. Div. 339.)

The judgment should be reversed on the law and the facts and a new trial ordered, with costs to abide the event.

RABIN, J. P., M. M. FRANK, VALENTE, MCNALLY and BERGAN, JJ., concur.

Judgment unanimously reversed on the law and on the facts, and a new trial ordered, with costs to abide the event.